Doremus *v.* City of Paterson.

Henry W. Doremus et al., respondents,

*v.*

The Mayor and Aldermen of the City of Paterson, appellants.

[Filed June 15th, 1903.]

A riparian proprietor, upon a non-tidal stream, may grant to third persons, who are not riparian owners, rights in the waters; he may permanently abstract the waters for their use, or he may permit them to do so, without the consent of the proprietors above him; but he cannot, by such action, impose an additional burden upon, or create a new liability against, such proprietors.

On appeal from an order advised by Vice-Chancellor Stevens, whose opinion is reported in *18 Dick. Ch. Rep. 605.*

*Mr. Michael Dunn* and *Mr. George S. Hilton,* for the appellants.

*Messrs. Lindabury, Depue & Faulks,* for the respondents.

The opinion of the court was delivered by

Gummere, Chief-Justice.

The appeal in this case is from an order overruling a demurrer to the bill of complaint filed by the respondents. The object of the bill is to restrain the appellant from polluting the Passaic river with its sewage, unless and until it makes compensation to the respondents for the injury resulting therefrom to their respective property rights. The respondents are forty-three in number. Some of them are the owners of lands bordering upon the river above the ebb and flow of the tide therein. Others are the owners of lands bordering, not upon the river but upon an artificial canal which opens out of, and draws its

waters from, the river at a point above tidewater, and returns
then into it again at a point some distance below.   Others
still do not own property bordering either on the river or the
canal, but take water from the latter, under leases, for the pur-
pose of supplying power to mills operated by them.   The de-
murrer attacks the right of the respondents, or any of them,
to the relief sought by the bill.

The right of a riparian owner, above tidewater, to an in-
junction restraining the pollution of the river by the appellants,
unless the latter make just compensation to him for the diminu-
tion in the value of his property occasioned thereby, has already
been affirmed in this court.   *Simmons* v. *Paterson, 15 Dick. Ch.
Rep. 385.*   The conclusion reached by the vice-chancellor in the
court below was that the respondents, who own land bordering
on the canal referred to, and those who lease water-power sup-
plied by it, were also entitled to the same relief.

This conclusion, in our opinion, is not well founded.   The
bed of the Passaic river, above tide, is private property, the
proprietorship of which is in those who own the lands bordering
on the stream.   *Attorney-General* v. *Delaware and Bound Brook
Railroad Co., 12 C. E. Gr. 631.*   And not only the bed of the
river, but the waters flowing over it until they reach tide, are the
private property of such owners.   *Cobb* v. *Davenport, 3 Vr. 369,
378; Simmons* v. *Paterson, 15 Dick. Ch. Rep. 389.*   And this is
so because the waters are part and parcel of the land itself.
The bed of the stream belongs to the riparian owners in severalty,
each owner owning the land under water in front of his *ripa* to
the middle of the stream.   Each owner is entitled to have the
waters flow past his lands undiminished in quantity and un-
impaired in quality by the act of any of the other of the owners
thereof.   Each owner is entitled, as against the others, to use
the passing water in a reasonable manner for domestic uses and
for the irrigation of his lands.   He may also divert the flow
thereof for his own purpose, provided he returns the waters
again to the stream, unpolluted and in the same volume, at a
point above the lands of lower owners.   More than this, he is
entitled to abstract them permanently as against all his co-

Doremus *v.* City of Paterson.

owners except those whose lands lie further down the stream. *Higgins* v. *Flemington Water Co., 9 Stew. Eq. 538.* Generally speaking, each riparian owner has a right to devote the waters to any use which he may see fit, provided that, in doing so, he does not injuriously affect the rights of any of the other proprietors therein. *Miner* v. *Gilmour, 12 Moo. P. C. C. 156.* And this right cannot be restricted by the act of any other of the proprietors. A proprietor may grant to third persons, who are not riparian owners, rights in the waters; he may permanently abstract the waters for their use, or he may permit them to do so, without the consent of the owners above him; but he cannot, by such action, impose an additional burden upon, or create a new liability against, such owners. It was upon this ground that the court of exchequer, in the case of *Stockport Water Co.* v. *Potter, 3 H. & C. 300,* decided that an action would not lie in favor of the water company (which was taking water from the river Mersey under a grant from a riparian owner) against the defendant, Potter, who owned lands bordering upon the river above the intake of the plaintiff company, for polluting the stream to its detriment. The case of *Butler Rubber Co.* v. *Newark, 32 Vr. 32,* referred to in the opinion of the vice-chancellor and relied upon in the brief of the respondents, is not opposed to the principle underlying the decision of *Stockport Water Co.* v. *Potter.* In that case the city of Newark, conceding that the rubber company had a property right in the use of the water, sought to condemn that right, and the matter came before the court on an appeal from the award of commissioners. The only question presented was what sum of money the city should pay to the company as compensation for the deprivation of that right. Mr. Justice Depue, who delivered the opinion, points out that the case is to be distinguished from the *Stockport Water Company Case* by reason of the fact that "the defendants (the city of Newark) are not asserting rights as riparian owners, but are taking property under the power of eminent domain." In the case now under consideration, the city of Paterson is not seeking to acquire any right of the lessees or grantees of a lower riparian owner. They concede that such

lessees and grantees have rights and do not deny that they are property rights, but they contend that those rights are subordinate to the city's right to vent its sewage into the stream. This contention, in our opinion, is sound. There being a misjoinder of complainants, and this having been specified as a ground of demurrer, the order overruling the demurrer should be reversed.

*For reversal*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, FORT, GARRETSON VREDENBURGH, VOORHEES, VROOM—8.

*For affirmance*—HENDRICKSON, PITNEY—2.